## A. M. Hewitt v. Henry Torson.

1. AGENT—*when may maintain action in his own name.* Where the agent is the only known or ostensible principal he is, in contemplation of law, the real contracting party and may maintain an action on the contract in his own name.

Action of assumpsit. Appeal from the Circuit Court of Christian County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed February 1, 1906.

J. C. and W. B. McBRIDE, for appellant.

HOGAN & WALLACE, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action brought by appellee against appellant before a justice of the peace, to recover the sum of $49.02 claimed by appellee to be due him for threshing wheat and oats on appellant's farm. Upon a trial in the Circuit Court, upon appeal, judgment was rendered against appellant for $55.24, to reverse which he appeals.

Appellant contends, and there is evidence tending to show, that the alleged contract for the threshing was made by ap-

pellant with appellee as agent for one Stockton, for whom
appellee was operating a threshing machine and by whom he
was being paid for his services at the rate of $2.50 per day,
and that appellee had no interest of any kind in the proceeds
or profits derived from operating the threshing machine;
that appellee did thresh wheat and oats to the extent of
$49.02, but that he failed and refused to thresh certain rye
and timothy which appellant claims were included in the
contract, and that in consequence of such failure said rye
and timothy were damaged to the extent of $150. Appellee
claims that he paid Stockton for the threshing done by him,
and introduced in evidence a receipt purporting to show such
payment. Appellant testifies however, that if any such pay-
ment was made, it was without his knowledge or consent.

It is insisted by appellant that inasmuch as appellee made
the contract in question as the agent of, for and in behalf of
Stockton, that Stockton was the real plaintiff, and that ap-
pellee had no right of action thereunder. Even if this be
conceded, we are of opinion that there is no force in such
contention. Stockton was at most an undisclosed principal
and that fact does not relieve appellant from the obligation
to pay appellee for the work done. Stockton is not claim-
ing anything under the contract, and the evidence shows that
he has been paid in full by appellee for the use of the
threshing machine. "Where the agent is the only known or
ostensible principal he is, in contemplation of law, the real
contracting party and may maintain an action on the con-
tract in his own name." Story on Agency, secs, 393, 160a,
372, 395, 396; 1st Addison on Contracts, sec. 75; Mills v.
Jensen, 75 App., 644; Saladin v. Mitchell, 45 Ill., 79;
Stockbarger v. Sain, 69 App., 436.

It follows that the trial court did not err in refusing to
direct a verdict for appellant at the close of appellee's evi-
dence.

The evidence as to the terms of the contract is conflicting.
Whether appellee agreed to thresh appellant's rye and
timothy was clearly a question of fact for the determination
of the jury. They apparently adopted appellee's version of

the terms of the contract in preference to that of appellant, and we cannot say that their finding was so manifestly contrary to the evidence as to justify our interference therewith.

While several of the instructions are subject to criticism, we are satisfied that the jury were not influenced to the prejudice of appellant, by any error in the rulings of the court upon the instructions, and that another trial would result in a similar verdict and judgment.

The judgment will therefore be affirmed.

*Affirmed.*